**PHILLIPS CHEMICAL COMPANY,**
Appellant,

v.

**DUMAS INDEPENDENT SCHOOL DISTRICT OF MOORE COUNTY, Texas,**
Appellee.

No. 6697.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 30, 1957.

Rehearing Denied Dec. 2, 1957.

Rayburn L. Foster and Harry D. Turner, Bartlesville, Okl., E. H. Foster, T. M. Blume and C. Rex Boyd, Amarillo, for appellant.

James W. Witherspoon, John D. Aikin, Wayne E. Thomas and Earnest L. Langley, Hereford, for appellee.

PITTS, Chief Justice.

This appeal is from a trial court order denying appellant, Phillips Chemical Company, a corporation, injunctive relief in its attempt to restrain appellee, Dumas Independent School District of Moore County, Texas, from assessing and collecting property taxes from appellant for certain designated years on its leasehold interest in property known as "Cactus Ordnance Works" owned in fee simple by the United States Government but operated by appellant under a long term lease contract. The original lease contract was executed on July 23, 1948, effective August 16, 1948, between the United States Government and Phillips Petroleum Company, which assigned it to appellant herein on July 30, 1948. Appellant accepted all of its terms and assumed all of its covenants.

The trial court heard the case without a jury and, only in so far as the controlling question presented here is to be determined, denied appellant the relief sought. In its judgment the trial court found that the said property was not being used or occupied by the United States Government but was being used and occupied by appellant under the terms of the said lease contract in conducting and operating a business as a private enterprise for profits during each of the years beginning with March 17, 1950 through the year 1954, the same being the period of time appellant alleges appellee is seeking the right to collect the property taxes upon its leasehold interest previously mentioned.

In its alleged action appellant sought to enjoin appellee from assessing and attempting to collect taxes from it upon the property in question for the years 1949 through 1954, and sought further to cancel the taxes already assessed by appellee. Appellee joined issues with appellant and also filed

a cross action seeking to collect taxes from appellant upon its interest in the property for the said years. Upon appellant's motion the trial court severed the question of injunctive relief from the remainder of the suit, including appellee's cross action, and tried only the issue of injunctive relief, after which it entered its order enjoining appellee from assessing and collecting taxes on appellant's interest in the property in question for 1949 and up to March 17, 1950, the date the last amendment to Art. 5248, Vernon's Ann.Civ.St. became effective, but denying appellant the relief sought in an effort to enjoin the collection of taxes for the remainder of the period of time from March 17, 1950, through 1954. An appeal from the latter part of the trial court's judgment was perfected by appellant and that is the only question before us. Appellee, as a cross appellant, gave notice of appeal from the first part of the trial court's judgment granting appellant injunctive relief for 1949 and up to March 17, 1950, but appellee as a cross appellant did not bring forward its appeal from that part of the trial court's judgment.

The lease contract here involved is lengthy but under the terms thereof appellant herein accepted a binding lease agreement for the use and operation of a multimillion dollar industrial plant known as the "Cactus Ordnance Works" for its use in manufacturing anhydrous ammonia, or fertilizer, and for other commercial and experimental purposes. The said industrial plant consists of buildings, improvements, machinery and appurtenances thereto located upon certain described lands in Moore County, Texas. The primary term of the said lease is for 15 years beginning August 16, 1948, with the right and privilege of appellant herein to extend the primary term of the same for two additional periods of five years each, the consideration therefor being an annual rental of $1,026,666.67 to be paid by appellant herein as lessee to the United States Govern-

ment as lessor. The lease further provides for a termination of the same by the United States Government if desired and upon giving 30 days notice to lessee in case of a national emergency, but there is no showing that any such emergency ever existed and appellant herein has continuously occupied and used the property covered in the least since the date it became effective.

Appellant herein concedes that it owns the said leasehold and has been occupying and using the premises and the property thereon as provided for under the terms of the lease "in its private capacity as a business enterprise in an effort to make a profit therefrom." Appellee contends that because of such ownership of the leasehold by appellant as lessee and because of its operations thereof for a profit, it should be required to pay a fair and equitable tax thereon in the same manner as other competitive private corporations or individuals engaged in a similar enterprise for profit, although the latter parties may own their plants in full. Appellant here charges that appellee is attempting to tax it on the fee simple title to real property with improvements thereon which property is not owned by appellant but is owned by the United States Government. Appellant further charges that it can not be legally taxed for property owned by the United States Government and not owned by appellant, while appellee asserts it is not seeking to tax appellant on property owned by the United States Government but it is seeking only to tax appellant on its interest in the property in question by reason of its leasehold, its occupancy and operations of the same in a private capacity for profits as a business enterprise.

The lease contract between the Government as lessor and appellant herein as assignee and lessee recognizes the provisions of "Public Law 364–80th Congress," the leasing Act, codified in part at least in 10 U.S.C.A. §§ 1270–1270d,* which provides in part (1270d) that:

* Now 10 U.S.C.A. § 2667.

"The lessee's interest, made or created pursuant to the provisions of sections 1270–1270b, 1270d of this title, shall be made subject to State or local taxation."

Under the terms of the lease contract between appellant herein and the Government, appellant obligated itself to pay the local taxes assessed against it by the approval of the language found as a part of the covenant in Condition (Section) 29 of the lease contract reading as follows:

"That the Lessee shall pay to the proper authority, when and as the same becomes due and payable, all taxes, assessments, and similar charges which, at any time during the term of this lease, may be taxed, assessed, or imposed upon the Government or upon the Lessee with respect to or upon the Leased Property."

■ Article 5248 as amended, effective since March 17, 1950, previously herein referred to, authorizes appellee to impose a property tax upon appellant's interest in the property in question as a result of the leasehold since appellant admittedly occupies and uses the said property in conducting a private business or enterprise in an effort to make a profit therefrom. The language of the said Article is as follows:

"The United States shall be secure in their possession and enjoyment of all lands acquired under the provisions of this title; and such lands and all improvements thereon shall be exempt from any taxation under the authority of this State so long as the same are held, owned, used and occupied by the United States for the purposes expressed in this title and not otherwise; provided, however, that any personal property located on said lands which is privately owned by any person, firm, association of persons or corporation shall be subject to taxation by this State and its political subdivisions; and provided, further, that any portion of said lands and improvements which is used and occupied by any person, firm, association of persons or corporation in its private capacity, or which is being used or occupied in the conduct of any private business or enterprise, shall be subject to taxation by this State and its political subdivisions."

We believe the foregoing provisions are clear, unambiguous and need not be explained.

■ Appellant contends here that the provisions of Art. 5248 violate the Constitution of the United States but no satisfactory authority has been cited in support of such a contention. In our opinion, the provisions of such Article support appellee's position before this Court and are in harmony with every reasonable construction that can be given the provisions of our Constitution, as well as the laws of our country.

Appellant cites and relies upon the case of United States of America v. County of Allegheny, Pa., 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209, which case is distinguishable in many ways from the case at bar. That case arose in another State and involved a contract of bailment between the United States Government and an individual named Mesta "for mutual benefits" in the operations, which is not the situation in the case at bar. In that case the State as the taxing unit made no effort to segregate Mesta's interest and tax it, which is not analogous to the situation in the case at bar. We find no authority in that case which would be in any way controlling in the case at bar.

The case at bar does not involve the levying and assessment of a tax against the United States Government or property owned by it but only against appellant as a private corporation and its exclusive interest under the terms of a leasehold agreement in occupying and using the property in its private capacity for a profit. Certainly appellant must have a valuable right in

the use of lessor's property since it is paying the United States Government as lessor an annual rental of $1,026,666.67 for the right to use such property. We have found no principles of law or equity, and appellant has cited us none, which can be reasonably construed so as to exempt appellant from paying such property tax as appellee is seeking in the primary suit to have appellant pay. On the contrary it seems that a reasonable interpretation of every element of the law fairly and justly requires appellant to pay its share of the taxes upon its privately owned leasehold under which it operates its private business enterprise in an effort to make a profit therefrom. We do find the statutory authority previously herein cited, together with the provisions of Arts. 7146, 7173 and 7174, supporting the trial court's judgment denying appellant any relief, which in effect sustains appellee's efforts to hold appellant liable for its legal taxes.

■ In our opinion the language used in the leasehold contract and the Federal and State laws contemplate the payment of taxes by appellant upon its investment and the operation thereof shown to exist when such taxes are properly levied and assessed. The taxes can not be legally assessed against appellant herein as lessee upon the value of the land and improvements thereon owned by the United States Government as lessor, but such can be legally assessed against appellant herein upon the value of its leasehold interest and its operations, with such to be determined as provided for by the Statutes.

For the reasons stated, appellant's points are all overruled and the judgment of the trial court is affirmed.

### On Motions for Rehearing

The judgment of the trial court having sustained appellant's contentions in part and appellee's contentions in the remainder thereof and this Court having affirmed the trial court's judgment in its entirety, both parties have filed motions here for rehearing, and in each instance the adversary has ably replied thereto.

After a careful examination of appellant's motion and the reply thereto the same is overruled.

In its original opinion this Court said in part and in effect that, although appellee, as a cross appellant, gave notice of appeal from the first part of the trial court's judgment granting appellant injunctive relief from January 1, 1949 up to March 17, 1950, appellee, as a cross appellant, did not bring forward its appeal from that part of the trial court's judgment. It thus appeared then because of language used in its briefs by appellee subsequent to the filing of a separate brief as a cross appellant on March 2, 1957. Appellee thereafter on March 27, 1957, filed its brief as appellee in the case and there on page 4 said in part:

"Appellee here has appealed from that portion of the judgment of the Trial Court denying its right to recover taxes for the period prior to March 17, 1950, but for the purpose of this Brief, only the question of taxability after such date will be considered."

It there devoted its entire brief of 55 pages to urging an affirmance to that part of the trial court's judgment denying relief from and after March 17, 1950, the date the amendment to Article 5248 became effective, and it did so without reference to overturning the former part of the trial court's judgment which favored appellant herein. Thereafter on September 17, 1957, after the case had been submitted and oral argument of the parties heard, appellee filed a reply brief consisting of 36 pages urging an affirmance of the trial court's judgment and concluded with the following language:

"For the above reasons, and in accordance with the above authorities, Appellee again prays the Court to affirm the Judgment of the Trial Court."

This Court did affirm the judgment of the trial court, feeling that appellee had by reason of the language more recently used

**610**

abandoned its right of appeal, in any event, from the first part of the trial court's judgment.

However, after a careful re-examination of the record, the briefs filed and more particularly appellee's motion as a cross appellant urging us to pass on its cross assignment and sustain the same, we feel that the matter of passing on such should have a generous and liberal consideration by us, for which reason we likewise feel impelled to pass on the said cross assignment charging that the trial court erred in holding that appellant's leasehold was not subject to taxation from January 1, 1949 up to March 17, 1950.

 As previously stated in our original opinion, we believe the language used in the leasehold contract and the Federal and State laws contemplate the payment of taxes by appellant upon its leasehold, but such could not be accomplished until a State law directly authorizing such had been passed. Property cannot be legally taxed merely by implication or by a "probable" construction of a statute. A direct act is required for such a purpose. We have failed to find any such authority taxing the property here involved until Art. 5248 was amended by the Texas Legislature which became effective March 17, 1950. The said amended Article was copied in full in our original opinion, which is here referred to for further consideration. All general laws governing taxation usually conclude with an exception such as: " * * except as otherwise specially provided for by law." We think the matters here presented were "otherwise specially provided for by law" and no direct authority for taxing the leasehold in question was given until Art. 5248 was amended effective March 17, 1950. Before Article 5248 was amended, it did not authorize a leasehold such as the one here under consideration to be taxed by the State and its subdivisions. It did not prohibit such from being taxed but it did not authorize it. It did exempt such properties from taxation "so long as the same are held, owned, used and

occupied by the United States for the purposes expressed in this title *and not otherwise*." (Emphasis added.) The phrase "and not otherwise" held the matter open for the taxation of a leasehold such as the one here under consideration if and when such statute may be amended directly authorizing such to be taxed, and we think such an amendment was passed by the Legislature for such a purpose effective March 17, 1950. Prior to the amendment a leasehold such as is here involved was exempt from taxation so long as the property leased was "held, owned, used and occupied by the United States." But when the Article was amended by adding the provisions thereto, we think then and only then, notwithstanding ownership of the primary property by the United States, authority was given by the State Legislature to tax the leasehold here under consideration for the use and benefit of the State and its political subdivisions.

For these reasons appellee's cross assignment as a cross appellant is overruled and the judgment of the trial court is affirmed even as it was in our original opinion.